N. WAGMAN & CO., Inc. v. BAKKE et al.
No. 187 of 1950.

United States District Court,
E. D. Pennsylvania.
June 30, 1952.

Benjamin F. Stahl (for Clark, Brown, McCown, Fortenbaugh & Young), Philadelphia, Pa., for libellant.

Springer H. Moore, Jr. (for Krusen, Evans & Shaw), Philadelphia, Pa., for respondents.

BARD, District Judge.

This is an in rem and in personam action in admiralty for cargo damages for goods stolen on route from Philadelphia, Pennsylvania to Genoa, Italy. On the basis of the pleadings and a stipulation that certain documents be received in evidence with the same force and effect as though proved in all respects and that if called as witnesses the persons issuing or signing these documents would testify in accordance with their contents, I make the following special

Findings of Fact.

1. Libellant is N. Wagman & Company, Inc., a Pennsylvania corporation having its principal office and place of business in Philadelphia, Pennsylvania.

2. Respondents are the M/S "Emma Bakke" and Christian Haaland, a resident of Haugesund, Norway, who owned and operated the "Emma Bakke" and who maintains an office within the jurisdiction of this Court.

3. On August 3, 1949 libellant invoiced 22 cases containing 6,616 pounds of black and gray domestic horsehair to Ditta Marelli & Berta DiGuido Berta, Mariano

Comense, Italy, at a price of $3.35 per pound CIF Genoa.

4. On August 9, 1949 libellant shipped on board the "Emma Bakke" 22 cases of horsehair to be carried from the port of Philadelphia to the port of Genoa. These cases were consigned to the order of libellant with arrival notice to be addressed to Marelli & Berta.

5. The bill of lading, dated August 9, 1949, contained no notation of any damage to or tampering with the cases. The cases were loaded aboard the "Emma Bakke" in apparent good order and condition.

6. On August 27, 1949, the "Emma Bakke" arrived in Genoa, Italy.

7. On August 29, 1949 the cases were discharged directly from the vessel into the Eritrea Pier Harbour Warehouse.

8. On September 10, 1949 the cases were delivered on libellant's order into the possession of Marelli & Berta. The cases physically remained in the warehouse.

9. The delay in this delivery was caused by Marelli & Berta having to wait for the papers from respondents or the warehouseman necessary to take delivery.

10. The cases were strong wooden cases with bands hooped crosswise.

11. After receipt of the cases by Marelli & Berta, it was discovered that three cases showed traces of sliding of the boards. 226 pounds of horsehair had been stolen from these three cases.

12. The external evidence of pilferage was not readily discernible upon superficial examination of the cases.

13. The pilferage occurred after the cases were shipped on board the "Emma Bakke" in Philadelphia and before they were delivered to Marelli & Berta in the warehouse in Genoa; that is, the pilferage occurred on the vessel or in the warehouse, but in either instance, while the cases were under the care and custody of respondents.

14. Libellant suffered a loss of $757.27.

Conclusions of Law.

1. This Court has jurisdiction of this case.

2. Respondents are liable to libellant for. the pilferage of 226 pounds of horse-hair.[1]

3. Judgment is hereby entered for libellant and against respondents in the amount of $757.27.

[1]. Act of April 16, 1936, c. 229, 49 Stat. 1207, 46 U.S.C.A. § 1300 et seq.; Act of February 13, 1893, c. 105, 27 Stat. 445, § 1 et seq., 46 U.S.C.A. § 190 et seq.